IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

IN THE MATTER OF
KEVIN JAMES SIVERTSON and                             CASE NO. 09-81427-FJO-13
KATHIE JO SIVERTSON

ADDRESS:   12902 HOFFMAN RD
           BRAZIL, IN 47834

SSN:       xxx--8093; xxx-xx-8185
           Debtors.


KEVIN JAMES SIVERTSON and
KATHIE JO SIVERTSON                                   Adv. Proc. No. _____
           Plaintiffs,

           Versus

GMAC MORTGAGE, LLC as servicer for
THE BANK OF NEW YORK MELLON TRUST
COMPANY, NATIONAL ASSOCIATION
Fka THE BANK OF NEW YORK TRUST
COMPANY, N.A. as successor to JPMORGAN
CHASE BANK N.A. as Trustee for RFMSII 2006H13
CITIFINANCIAL SERVICES, INC.
           Defendant.


**Complaint of the Debtors Pursuant to 11 U.S.C. Section 506(a)
and Bankruptcy Rule 3012 to Determine the Value of
Security and Creditor's Allowed Secured Claim**

**Introduction**

This is an action brought by the Plaintiffs pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the debtors and determine the amount of the allowed secured claim of the Defendant.

**Jurisdiction**

1.   The Plaintiffs allege that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2.   The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

**The Base Case and Parties**

3.	The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on August 21, 2009.

4.	An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition.  This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5.	The 341(a) meeting of creditors was held on October 20, 2008, in Terre Haute, Indiana.  The plan of reorganization was confirmed on October 5, 2009.

6.	The Defendant filed an objection to confirmation of the plan in this case.

7.	The Defendant is, upon information and belief, an entity engaged in the business of consumer credit lending in the State of Indiana, and which maintains a principal place of business in some state other than the State of Indiana.

## Factual Allegations

8.	In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of GMAC Mortgage LLC, hereinafter ("GMAC") for the second deed of trust on the residential real estate of the debtors.  The debtors believed and therefore alleged in their petition and schedules that there was no equity in their residential real estate to which the second mortgage could secure at the time that the loans were made and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the confirmed plan.

9.	The Plaintiffs allege that at the time they filed their bankruptcy petition and at the present time the value of their interest in the said residential real estate was and is approximately $188,000.00.

10.	The Plaintiffs' interest in the real estate is subject to a first lien arising out of a mortgage in favor of HSBC/MS in the amount of $203,77.00.

11.	The Plaintiffs' interest in their residential real estate is subject to a second lien arising out of a mortgage in favor of GMAC, in the amount of $52,396.00.

12.	The lien securing the second mortgage of GMAC, is junior to the first mortgage listed above is also owing to Countrywide Home Loans.

13.	The Plaintiffs allege that there was no equity in their home at the time the second mortgage loan was written and therefore the Defendant has no secured interest for the loan secured by the second deed of trust on the subject real estate.

14.	Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

15.	Any timely filed claim of the Defendant for the second mortgage loan is allowable only as an unsecured claim and to the extent that no such claim was filed the Defendant has no claim against this estate.

**WHEREFORE,** the Plaintiffs respectfully pray of the Court as follows:

A.	That this Court determines that the Defendant has no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtors;

B.	That this Court order the Defendant to cancel the second mortgage lien on the

residential real estate of the debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

      C.     That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan; and

      D.     That the Plaintiffs have such other and further relief as to the Court may seem just and proper.

Dated this the 22nd day of October, 2009.

Respectfully submitted,

/s/ Mark E. Watson
Mark E. Watson, IN BAR#: 19699-49
Rowdy Williams Law Firm, P.C.
Attorney for the Plaintiffs
1117 Wabash Avenue
Terre Haute, Indiana 47807
Indiana Bar No. 19699-49
(812) 232-7693/FAX (812) 235-7340
E-mail: bk@rowdywilliams.com